(C. D. 155)

JAY W. RAPP & CO. ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 27, 1939)

*G. W. R. Wallace; Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs.

*Charles D. Lawrence,* Acting Assistant Attorney General (*John F. Kavanagh, Richard H. Welsh, Samuel D. Spector,* and *William J. Vitale,* special attorneys), for the defendant.

EVANS, Judge: This is an action against the United States in which the plaintiffs seek to recover money claimed to have been illegally assessed as customs duties upon certain Chinese commodities. They were assessed in some cases as fruits in their natural state, dried, or otherwise prepared or preserved, under paragraph 752 of the Tariff Act of 1930, at the rate of 35 per centum ad valorem; as vegetables prepared or preserved, under paragraph 775 of the same act at the same rate; and as edible nuts, prepared or preserved, not specially provided for, under paragraph 761 of the same act.

On the invoices involved there is no merchandise listed under the *eo nomine* designations used in the protests, viz, Sar Sum, Mok Kwar, Yuen Yuk, Yuk Chuck, Hang Chuk, Ngoi Hop, Pak Hop, and Lin Tsze. We do find, however, on the various invoices involved merchandise entered under the following names:

| | |
|---|---|
| Yuen Yuk Medicine | Ngoi Hop Medicine |
| Mok Kwar Medicine | Hang Chuck Medicine |
| Pack Hop Medicine | Ya Soo Medicine . |
| Lin Tsze Medicine | Yuk Chuk Medicine |

When the case was called for trial the attorney who was then in charge of the case offered and there were received in evidence four illustrative exhibits of the following commodities, to wit:

| | |
|---|---|
| Illustrative Exhibit A | Yuk Chuk |
| Illustrative Exhibit B | Pak Hop |
| Illustrative Exhibit C | Lin Tsze |
| Illustrative Exhibit F | Sha Sum |

He also offered Illustrative Exhibits D (Wai San) and E (Lok Quo, although no claim was made in any protest as to either Wai San or Lok Quo. The statement made by the attorney for the plaintiffs in offering Illustrative Exhibit A was as follows:

I offer that in evidence as Illustrative Exhibit A, to illustrate the physical characteristics of yuen yuk. I concede it did not come out of these particular shipments.

All of the testimony in the case related to the various illustrative exhibits and the Government attorney in his brief states, "Only four of the articles involved herein are represented by samples." We understand this to be a concession on the part of the Government that the illustrative exhibits correctly represent the merchandise in suit.

All of the merchandise involved in this litigation was assessed under the provisions of the tariff act above noted. The claim upon which plaintiffs rely is that the merchandise is free of duty under paragraph 1669 of the act of 1930 as crude drugs. That paragraph is in the following language:

PAR. 1669. Drugs such as barks, beans, berries, buds, bulbs, bulbous roots, excrescences, fruits, flowers, dried fibers, dried insects, grains, herbs, leaves, lichens, mosses, logs, roots, stems, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds, and all other drugs of vegetable or animal origin; all the foregoing which are natural and uncompounded drugs and not edible, and not specially provided for, and are in a crude state, not advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture: *Provided*, That no article containing alcohol shall be admitted free of duty under this paragraph.

On the assumption that the samples correctly represent the merchandise in suit we will consider the case on its merits.

The importers rely upon the case of *United States* v. *Yick Shew Tong Co.*, 25 C. C. P. A. 255, T. D. 49392, a case which involved, according to the decision, four commodities, to wit, Hoi Pak Lin (lotus nuts), Yuen Yuk (longan dried fruit), Sui Sut (Euryale Fero, related to lotus nut), and Pak Hop (lily scales). That decision states, "Classification and duty assessment were made under paragraph 34 of the Tariff Act of 1930." Importer protested, claiming the merchandise to be entitled to entry duty free under either paragraph 1669 or paragraph 1722 of the act. The record in that case was not incorporated herein. At this point we observe that the presumption existing at the outset in that case was that the merchandise was drugs advanced. In a very able and well-considered opinion by Judge Garrett he discussed the many cases that have been before that court and some that have been before the Customs Court, which have related to Chinese vegetables or Chinese drugs of the general character of those herein involved. He endeavored to settle once and for all, in our opinion, the controversy that is before us here. This division of the Customs Court likewise, in the case of *Him Sing Chong & Co. et al.* v. *United States*, 67 Treas. Dec. 245, T. D. 47527, endeavored to settle the controversy only to find that the appellant dismissed his appeal rather than submit the record to the Court of Customs and Patent Appeals. The same attorneys who appeared in the *Him Sing Chong* case, *supra*, also appeared in the *Yick Shew Tong Co.* case, *supra*. They selected protests in which the merchandise had been classified as drugs, whereupon, under the scheme of assignment of cases, the cause went to another division on a different record. The lower court in the *Yick Shew Tong* case refused to decide under what paragraph of the tariff act the merchandise should have been entered, contenting itself with the statement that "whether they are free of duty under paragraph 1722 or under paragraph 1669" it was unnecessary to decide which free list provision governed. The appellate court, in rendering its decision, states:

We hold the merchandise classifiable under paragraph 1669, and the judgment of the United States Customs Court is *affirmed*.

The judgment of the lower court is not quoted in the opinion but we assume it was to the effect that the merchandise should be admitted free of duty.

In the course of the decision Judge Garrett, speaking for the appellate court, stated:

Upon consideration of the testimony in this case together with the samples in the light of the judicial decisions cited, however, we are convinced that the articles respond fully to the provisions of paragraph 1669, *supra*. It is true that one of the requirements of that paragraph is that the articles shall not be edible, and it is proven here that the products have been eaten without any deleterious effects. This fact, however, in view of all the testimony, does not seem to us to remove them from the paragraph. Many articles whose drug character is indisputable doubtless can be eaten in moderation without deleterious effects. The word edible, we think, must be given its common meaning and construed in the sense of its ordinary use and acceptance. Webster's New International Dictionary gives the adjective meaning of the word as "Fit to be eaten *as food;* eatable; esculent; as, *edible* fishes." * * *

At another point in the decision, after reviewing the record, the court said:

We have then this situation: The testimony establishes that among those who use the products at issue they are regarded as medicinal in character and are chiefly used for medicinal purposes, and no vegetable use of them is shown except perhaps in two instances where purely experimental trials were made by persons who do not claim to use the articles regularly or habitually.

We shall not review the testimony in the case at bar at length. Suffice it to say that the importers' testimony establishes that the items involved herein are among the components used in making Luk mei, a broth or soup made by combining six Chinese articles, generally with meat of some sort, which broth or soup is considered by the Chinese as being helpful in certain ailments. One witness, a licensed physician, described the use of these articles as being akin to a tonic like beef, iron, and wine, but not so strong. This witness, however, stated that certain of these were eaten; for instance he gave the following testimony in regard to Illustrative Exhibit B (Pak Hop):

Q. But you said that it had other uses than for medicinal purposes, or for its therapeutic value.—A. The other uses—it can be eaten. It is an edible drug.

Q. What, in your experience; what, in your opinion, based upon your experience, is the chief use of an article like Illustrative Exhibit B?—A. As a tonic.

Judge DALLINGER. You have said that it had other uses than as a drug or medicine. What are the other uses?

The WITNESS. It can be used as an edible food.

The court can almost take judicial notice of the fact that one of the items about which this witness testified, to wit, Mok Quar, a sample of which was not produced, is a well-known tropical fruit which the witness said was raised in Hawaii where he was born and which he said was a papaya. The papaya is defined in Webster's New International Dictionary as:

The fruit of the tropical American tree *Carica papaya;* also the tree. * * *
The oblong, yellow fruit is very large, and has a pulpy flesh and a thick rind. It
is mostly eaten raw but also boiled as a vegetable, pickled, or preserved. * * *

This same witness identified Illustrative Exhibit A as Yuen Yuk
(page 6 of Sten. Min.) and on page 12 he again states that Illustrative
Exhibit A is Yuen Yuk. All of the other witnesses identified this
exhibit as Yuk Chuk, with varied spellings.

The Government produced the testimony of two merchants in
San Francisco who were born in China, and an American-born
Chinese, United States examiner of Chinese vegetables, drugs, etc.,
at the port of New York, each of whom testified that the articles here
involved are eaten as vegetables are eaten. Mr. Lewis, the examiner,
gave in detail the method by which he had prepared the commodities
in his family and stated that he had seen them prepared and eaten as
food in other families. Dr. Blasdale's testimony is here again and
while it is true that he was making an investigation and dealing
experimentally with some of these articles, nevertheless, so far as he
testified as to matters within his own knowledge and based upon his
own experiences, his evidence was competent, and inasmuch as he is
a scientist of standing, his opinions with reference to his experiments
and observations are entitled to some weight.

Objection was made to the reception in evidence of the depositions
taken pursuant to a commission issued from this court. The practice
has uniformly been to receive these exhibits in evidence rather than to
require that they be read into the record. At the time they are
offered, or at any other time, counsel are permitted to interpose objec-
tions to any question or answer in such depositions. That practice
was availed of in this case and the trial judge ruled that they are
admissible. We find no error in his rulings. We overrule the
objection to the admissibility of the depositions in evidence.

Based upon the record in this case we find the preponderance of the
evidence establishes that these commodities are edible as that term is
commonly used. Therefore the claim of the plaintiffs that the com-
modities are free of duty as crude drugs, not edible, under paragraph
1669, *supra,* should be and the same is hereby overruled.

Having decided that these are edible commodities the various
classifications made by the collector are more specific than the pro-
visions of paragraph 1722 of the Tariff Act of 1930 for crude vegetable
substances.

For the foregoing reasons judgment will be rendered for the de-
fendant in each case. It is so ordered.